NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAWN MONIQUE OWENS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No.   20-35932

D.C. No. 3:18-cv-02055-MC

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted November 8, 2021**
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,*** District Judge.

Plaintiff Dawn Owens appeals the district court's order affirming the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

Administrative Law Judge's denial of disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We will reverse only if the Administrative Law Judge (ALJ) failed to provide substantial evidence supporting the denial of benefits or applied the wrong legal standard. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Reviewing the district court's decision de novo, *id.*, we affirm. Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

"The mere diagnosis of an impairment . . . is not sufficient to sustain a finding of disability." *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990). A claimant will not be declared disabled unless the claimant's impairment is severe. *Id.* at 184; 20 C.F.R. § 416.920(c). A severe impairment "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." § 416.920(c).

The ALJ permissibly weighed the medical evidence and applied the appropriate legal standard. However, the reliability of the doctors' opinions as to the onset date of claimant's cancer is inconsequential to the disability determination. Even assuming that claimant had cancer before the end of 2013, she offered no proof that her impairment was disabling before her date last insured.

**AFFIRMED.**